ACS OF FAIRBANKS, INC.; ACSOF Alaska, Inc.; ACSOF The Northland, Inc., Plaintiffs–Appellees,

v.

GCI COMMUNICATION CORP., d/b/a General Communication, Inc., Defendant,

and

Regulatory Commission of Alaska, Defendant–Appellant.

ACSOF Fairbanks, Inc.; ACSOF Alaska, Inc.; ACSOF The Northland, Inc., Plaintiffs–Appellants,

v.

GCI Communication Corp., d/b/a General Communication, Inc.; Regulatory Commission of Alaska; G. Nanette Thompson, Bernie Smith; Patricia M. Demarco; James S. Strandberg; Will Abbott, Defendants–Appellees.

Nos. 01–35344, 01–35475.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 30, 2002.

Filed March 12, 2003.

**1216**

Steven D. DeVries, Anchorage, AK, for defendant-appellant Regulatory Commission of Alaska.

Martin M. Weinstein and Mark R. Moderow, Anchorage, AK, for defendant GCI Communication Corp. d/b/a General Communication, Inc.

Kevin D. Callahan and Michael A. Grisham, Patton Boggs LLP, Anchorage, AK, for the plaintiffs-appellees.

Before: B. FLETCHER, McKEOWN and TALLMAN, Circuit Judges.

**ORDER**

Plaintiffs–Appellees ACS of Fairbanks, Inc., ACS of Alaska, Inc., and ACS of Northland, Inc., collectively referred to as "ACS," seek declaratory and injunctive relief against the enforcement of interconnection contracts arbitrated and approved by the Regulatory Commission of Alaska ("RCA") at the request of GCI Communication Corporation d/b/a/ General Communication, Inc., d/b/a GCI ("GCI") under the Tele-communications Act of 1996, 47 U.S.C. § 251 *et seq.*

■ At oral argument, counsel for RCA offered to allow the individual commissioners to be reinstated as parties to this action in substitution for RCA. Counsel acknowledged that the doctrine of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), permits suit against the commissioners in their official capacities. We hold that the federal courts have jurisdiction under 28 U.S.C. § 1331 to entertain such a suit against the commissioners. *See Verizon Md., Inc. v. Public Serv. Comm'n of Md., et al.,* 535 U.S. 635, 122 S.Ct. 1753, 1758, 152 L.Ed.2d 871 (2002).

■ We do not need to decide the Eleventh Amendment immunity issue as against RCA "because ... even absent waiver, [ACS] may proceed against the individual commissioners in their official capacities, pursuant to the doctrine of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)." *Verizon,* 122 S.Ct. at 1760. The Supreme Court has stated that in determining whether "the doctrine of *Ex Parte Young* avoids an Eleventh

Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon,* 535 U.S. 635, 122 S.Ct. 1753 at 1760, 152 L.Ed.2d 871(internal quotation marks and citations omitted). Here, as in *Verizon,* ACS seeks injunctive and declaratory relief, and the relief requested is permissible under *Ex parte Young.* ACS "seeks a declaration of the *past,* as well as the *future,* ineffectiveness of the Commission's action . . . Insofar as the exposure of the State is concerned, the prayer for declaratory relief adds nothing to the prayer for injunction." *Id.* (emphasis in original).

The parties have not shown good cause as to why the commissioners should not be substituted for the RCA. The district court's order dismissing RCA's motion is vacated and this case is remanded. The district court is directed to reinstate the individual commissioners as parties and proceed to a determination of the merits.

**VACATED AND REMANDED.**